IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ZAREFAKIS,                        No.  MISC.S-04-0295 DFL DAD PS

    Plaintiff,

  v.                                   FINDINGS AND RECOMMENDATIONS

RICK MATUSKA,

    Defendant.

_____/

    By order filed May 23, 2005, plaintiff, who is proceeding pro se, was directed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  As observed by the court in that order, plaintiff initiated this action by filing a document entitled "Commercial Notice within the Admiralty of the Filing of Foreign Judgment."  That "commercial notice" appears to be an attempt to record a debt against certain San Joaquin County code enforcement officers and members of the San Joaquin County Board of Supervisors.  The filing also makes reference to the Internal Revenue Service and the San Joaquin County Development Department.  However,

as the court indicated in the order to show cause, the "commercial notice" provides no basis for federal jurisdiction and there is no legal basis for filing such notices.  See United States v. MacElvain, 858 F. Supp. 1096, 1100 (M.D. Ala. 1994)(collecting cases).

Plaintiff timely responded to the court's order to show cause by filing a document styled as a "Commercial Affidavit in Fact."  The court finds plaintiff's response unpersuasive.  The only plausible legal argument advanced by plaintiff in his "Commercial Affidavit," a document which is cluttered with archaic legalese, is that the filing of a "commercial notice" is authorized by 28 U.S.C. § 1963.  However, § 1963 clearly does not authorize the filing of a "commercial notice" such as the one plaintiff is attempting to register.  See Fox Paint Co. v. N.L.R.B., 16 F.3d 115, 117 (6th Cir. 1994)(holding that the statute providing for registration of foreign judgments does not permit registration of judgments of courts other than those listed courts).  Nor is the "Notarial Protest and Notice of Administrative Judgment by Estoppel" attached to plaintiff's notice within the purview of § 1963.  That document appears to have been drafted by plaintiff and obviously has not been entered by any federal court.  See 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district ....").

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ.

2

1  P. 12(h)(3)("Whenever it appears by suggestion of the parties or
2  otherwise that the court lacks jurisdiction of the subject matter,
3  the court shall dismiss the action.").

4        These findings and recommendations are submitted to the
5  United States District Judge assigned to the case, pursuant to the
6  provisions of Title 28 U.S.C. § 636(b)(1).  Within ten days after
7  being served with these findings and recommendations, plaintiff may
8  file written objections with the court.  Such a document should be
9  captioned "Objections to Magistrate Judge's Findings and
10 Recommendations."  Plaintiff is advised that failure to file
11 objections within the specified time may waive the right to appeal
12 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
13 Cir. 1991).

14 DATED: August 3, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

18 DAD:th
DDad1\orders.prose\zarefakis.f&r

3